UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
**The Honorable A. Bruce Campbell**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JEREMY JON VUKELICH, | ) | Case No. 11-35111-ABC |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| ———————————————— | ) | |
| | ) | |
| JEREMY STOVER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEREMY JON VUKELICH, | ) | Adv. Proc. No. 12-01049-ABC |
| Defendant. | ) | |
| | ) | |

<u>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**</u>

This matter comes before the Court on: (a) Jeremy Stover's ("Plaintiff") motion for summary judgment ("Motion");[1] (b) Jeremy Jon Vukelich's ("Debtor" or "Defendant") response ("Response");[2] and (c) Plaintiff's reply ("Reply").[3] For the reasons that follow, the Motion is GRANTED.

**I. BACKGROUND**

On October 23, 2006, Debtor consumed several alcoholic beverages at a bar. An argument began among patrons of the bar, that escalated into a physical fight resulting in Debtor punching Plaintiff in the face. Plaintiff suffered multiple facial fractures, a fracture of his lower cheek, two broken and dislodged teeth, a fracture of his hard pallet, and permanent damage to his facial nerve.

Plaintiff sued Debtor in the District Court for Pueblo County, Colorado ("State Court") for civil battery and negligence. After a trial in which Debtor fully participated *pro se*, the State Court entered a judgment against Debtor ("Judgment").[4] Debtor appealed the Judgment to the

---

[1] Docket No. 24.
[2] Docket No. 25.
[3] Docket No. 26.
[4] The order granting judgment in favor of Plaintiff, provides that "judgment shall enter…in the sum of $435,485.00 in compensatory damages plus $250,000 in punitive damages, plus costs and interest as provided by law." Motion, Exhibit 1. Debtor admitted that judgment amount, as of April 28, 2011, was $927,576.27. Complaint ¶ 7; Answer ¶ 24.

Colorado Court of Appeals.  On December 9, 2010, the Court of Appeals affirmed the Judgment, in part, finding error only in the trial court's failure to credit Debtor's payment of $691.80 in restitution towards the Judgment amount.[5]  On October 25, 2011, Debtor filed a voluntary chapter 7 petition.

Plaintiff brought this adversary proceeding seeking a determination that the Judgment is a debt for "willful and malicious injury by the debtor" and thus nondischargeable pursuant to section 523(a)(6) of the Bankruptcy Code.  Plaintiff argues in his Motion that the doctrines of claim preclusion and issue preclusion entitle him to summary judgment.  Debtor responds that claim preclusion is not applicable, and that the issue of whether he intended to injure Plaintiff was not litigated in the State Court, accordingly, issue preclusion does not establish all of the elements of Plaintiff's section 523(a)(6) claim.

## II.   DISCUSSION

### A.   The Standard for a Motion for Summary Judgment.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6]  The court must view the evidence and draw inferences in the light most favorable to the nonmoving party.[7]  Failure of proof of an essential element of a claim renders all other facts immaterial.[8]  "The purpose of a summary judgment motion is to assess whether a trial is necessary.  In other words, there must be evidence on which the jury could reasonably find for the plaintiff."[9]

### B.   The Standard for a Motion for Judgment on the Pleadings.

A party may move for judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial."[10]  "Although a motion for judgment on the pleadings can be filed at any time before trial, nothing in the language of the rule implies that the motion must be disposed of prior to other pending motions, including a motion for summary judgment."[11]  When a motion for judgment on the pleadings is filed and "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."[12]

---

[5] Motion, Exhibit 3.
[6] Fed. R. Civ. P. 56(a).
[7] *Lundstrom v. Romero*, 616 F.3d 1108, 1118 (10th Cir. 2010).
[8] *Koch v. Koch Indus.*, 203 F.3d 1202, 1212 (10th Cir.2000).
[9] *Berry v. T–Mobile USA, Inc.*, 490 F.3d 1211, 1216 (10th Cir.2007).
[10] Fed. R. Civ. P. 12(c).
[11] *S.E.C. v. Wolfson*, 539 F.3d 1249, 1264 (10th Cir. 2008).
[12] Fed. R. Civ. P. 12(d).

In his Motion, Plaintiff included a motion for judgment on the pleadings. Because Plaintiff has attached certain legal documents from the state court action, he has presented matters outside the pleadings, which the Court will not exclude. Accordingly, the Court will treat the entire Motion as one for summary judgment under Fed. R. Civ. P. 56.

**C.**     The  Preclusive Effect of the Judgment.

The preclusive effect of a judgment in later litigation is determined by the law of the forum in which the judgment was entered.[13]   In this case, the Judgment was entered by a Colorado state court, therefore, its preclusive effect is determined by Colorado law.

1.  Claim Preclusion.

In Colorado, claim preclusion prevents the reconsideration of a claim in a second judicial proceeding if "(1) the first judgment is final, (2) there is identity of subject matter, (3) there is identity of claims for relief, and (4) there are identical parties or there is privity between parties to the two actions."[14]  It precludes relitigation of matters that were raised or which could have been raised in prior litigation.[15]  Plaintiff asserts that whether the Judgment is a debt for "willful and malicious injury" was litigated in the State Court.  The law is clear, however, that the doctrine of claim preclusion does not apply when a creditor seeks to obtain a determination of nondischargeability for a debt previously reduced to judgment.[16]   Because there was no bankruptcy at the time Plaintiff obtained his Judgment, Debtor's defense of discharge and Plaintiff's nondischargeability claim under section 523(a)(6) did not then exist.  They were not litigated in the State Court, nor could they have been.  Plaintiff is not entitled to summary judgment on this basis.

2.  Issue Preclusion

The Supreme Court has held that a bankruptcy court may properly give issue preclusive (or collateral estoppel) effect to those elements of a nondischargeability claim "that are identical to the elements required for discharge and which were actually litigated and determined in the prior action."[17]

Under Colorado law, issue preclusion "operates to bar relitigation of an issue that has been finally decided by a court in a prior action."[18]  To determine whether collateral estoppel

---

[13]  *Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380-81 (1985)
[14]  *Burlington Ditch Reservoir and Land Co. v. Metro Wastewater Reclamation Dist.*, 256 P.3d 645, 668 (Colo. 2011).
[15]  *Argus Real Estate, Inc. v. E-470 Public Highway Authority*, 109 P.3d 604, 608 (Colo. 2005).
[16]  *Brown v. Felsen*, 442 U.S. 127, 138 (1979).
[17]  *Grogan v. Garner*, 498 U.S. 279, 284 (1991).
[18] *Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44, 47 (Colo.2001) (en banc).

applies to a particular issue, Colorado courts consider whether: (1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.[19]   The party asserting issue preclusion—in this case, Plaintiff—has the burden of establishing each element.[20]

There is no dispute that Plaintiff and Debtor were parties in the prior proceeding, which resulted in a final judgment on the merits.  Accordingly, Plaintiff easily satisfies the second and third parts of this test.  The fourth part of the test – whether Debtor had a full and fair opportunity to litigate the issues in the State Court –  is determined by analyzing whether the remedies and procedures of the first proceeding are substantially different from the proceeding in which collateral estoppel is asserted; whether the party against whom collateral estoppel is sought had sufficient incentive to litigate vigorously, and the extent to which the issues are identical.[21]  Debtor does not argue that he lacked a full and fair opportunity to litigate in the State Court.  Moreover, the Court finds that the remedies and procedures were sufficiently similar in both actions and that Debtor had an incentive to litigate the matter vigorously in the State Court.  Thus, whether collateral estoppel entitles Plaintiff to summary judgment depends on the first test, which overlaps, to some degree, with the remaining factor of the fourth test; the critical issue is whether all of the elements necessary for nondischargeability under section 523(a)(6) are identical to issues actually litigated and necessarily decided by the State Court.

To establish that a particular debt qualifies as an exception under section 523(a)(6), a creditor must prove the following elements: (1) the debtor committed a wrongful and intentional act, (2) the act necessarily caused the judgment creditor's injury, (3) the act was without just cause or excuse, and (4) the debtor acted with the specific intent to cause injury.[22]   The Court analyzes whether each of these issues was identical to an issue actually litigated and necessarily decided in the State Court as follows.

(A)  A Wrongful and Intentional Act.

A cause of action for civil battery in Colorado requires that the defendant act with the intent of making a contact with the plaintiff or with the intent of putting the plaintiff in apprehension of such a contact.[23]  The State Court found that Debtor "struck [Plaintiff] in the

---

[19] *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84-85 (Colo. 1999) (en banc).
[20] *Id.* at 85.
[21] *Id.* at 87.
[22] *Kawaauhau v. Geiger*, 523 U.S. 57, 61-64 (1998) (clarifying the specific intent requirement).
[23] *See Adams v. Corrections Corp. of America*, 187 P.3d 1190, 1198 (Colo. App. 2008)(elements of civil battery are: (1) defendant acted either with the intent of making a contact with plaintiff or with the intent of putting plaintiff in apprehension of such a contact; (2)  plaintiff was placed in apprehension of an imminent contact with his or her person

face,"[24] recognized that "[f]or battery, it is required that the actor intends to make a harmful or offensive contact with another…intent to cause the specific physical injury is not required…[o]nly the intent to cause unlawful contact is required,"[25] and finally concluded that Debtor "committed battery on the plaintiff."[26]   The state court also found that "[w]illful and wanton conduct means conduct purposefully committed" and concluded that Debtor engaged in such conduct.[27]   The issue of whether the Debtor engaged in a wrongful and intentional act was, therefore, decided by the State Court.

### (B) An Act That Necessarily Caused the Injury.

To prevail on a battery claim, a plaintiff must show that the act caused the injury.[28]   The state court found that Debtor "suffered serious facial and dental fractures and injuries as a result of this attack," that "[t]he blow was so hard and unexpected that it caused [several injuries]."[29] Further, the court found that Debtor "was 100% responsible for the damages caused by this assault and battery."[30]   Thus, the issue of whether Debtor, by punching the Plaintiff, necessarily caused the injury was decided by the State Court.

### (C) An Act That Was Without Just Cause or Excuse.

The State Court found that "[t]he only words which [Debtor] recalls [Plaintiff] saying were, 'you don't even know how to read,'…[Debtor] stated that these words caused him to react and strike [Plaintiff]"[31] and concluded that "[t]he law is clear that mere words alone will not justify assault or battery."[32]   Thus, the issue of whether the act was without just cause or excuse was decided by the State Court.

### (D)  Specific Intent to Cause Injury.

In *Kawaauhau v. Geiger*,[33] the Supreme Court analyzed "the impact of the word 'willful' as a modifier in the phrase 'willful injury.'"[34]   For a debt to be determined nondischargeable under section 523(a)(6), it "takes a deliberate or intentional injury, not merely a deliberate or

---

by the conduct of the defendant; (3) such contact was or appeared to be harmful or offensive; and (4) contact actually resulted).
[24] 2007CV1659 Findings of Fact, Conclusions of Law, and Judgment ¶ 1 issued by the Colorado district court, exhibit 2 to the Motion ("State Court Judgment").
[25] State Court Judgment ¶ 32.
[26] State Court Judgment ¶ 25(b).
[27] State Court Judgment ¶ 34.
[28] *See Adams v. Corrections Corp. of America*, 187 P.3d 1190, 1198 (Colo. App. 2008).
[29] State Court Judgment ¶¶ 16, 17.
[30] State Court Judgment ¶ 23.
[31] State Court Judgment ¶ 18.
[32] State Court Judgment ¶ 31.
[33] *Kawaauhau v. Geiger*, 523 U.S. 57 (1998).
[34]  *In re Johnson*, 501 F.3d 1163, 1171 (10th Cir. 2007)(interpreting the *Geiger* decision).

intentional act that leads to injury."[35]  In other words, "the actor [must] intend the consequences of the act, not simply the act itself."[36]  For a debt to be determined nondischargeable under section 523(a)(6), "the debtor must desire to cause the consequences of his act or believe that the consequences are substantially certain to result from it."[37]

In Colorado, to prove a claim for battery, "regardless of the characteristics of the alleged tortfeasor, a plaintiff must prove that the actor desired to cause offensive or harmful consequences by his act.  The plaintiff need not prove, however, that the actor intended the harm that actually results."[38]   The State Court found that Debtor committed battery.  Thus, it necessarily determined that Debtor intended the consequences of his act.  Debtor also testified that he understood that "[a]nybody hits anybody in the face they're going to hurt them."[39] Thus Debtor admitted he knew that injury to Plaintiff was substantially certain to result from his action.  The Court of Appeals ruled that the State Court's award of exemplary damages was supported by, among other things, that "Debtor also admitted that alcohol did not influence his decision to punch [Plaintiff] and that he knew the punch would hurt him."[40] These findings and admissions are sufficient to show that the element of intent to cause injury, as required by *Geiger*, was litigated and determined in the State Court.

Plaintiff, therefore, has satisfied his burden showing that there is no genuine dispute as to any material fact as to any of the elements his section 523(a)(6) claim, and that he is entitled to judgment as a matter of law.

## III.    CONCLUSION

For the reasons stated above, it is, therefore:

**ORDERED** that the Motion is GRANTED, and judgment shall enter in favor of Plaintiff and against Debtor declaring that the debt represented by the Judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

DATED: August 13, 2012                          BY THE COURT:

                                                A. Bruce Campbell,
                                                United States Bankruptcy Judge

---

[35] *In re Johnson*, 501 F.3d 1163, 1171 (10th Cir. 2007) (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)).
[36] *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998).
[37] *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004).
[38] W*hite v. Muniz*, 999 P.2d 814, 819 (Colo. 2000).
[39] Excerpt of trial transcript attached to Reply, p. 192, l. 2-5.
[40] Motion, Exhibit 3, p. 9.